IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CENTENNIAL BANK, successor
in interest to COASTAL COMMUNITY
BANK,**

    **Plaintiff,**

vs.                                    CASE NO. 5:11-cv-17/RS-EMT

**HIGHWAY 22, INC.;
EDDIE RAY EANES;
PARAMUFAY, INC.;
JAE HOLDINGS, LLC;
UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY,
INTERNAL REVENUE SERVICE;
NWF REAL ESTATE HOLDINGS, LLC;**

    **Defendants.**
_____/

**FINAL JUDGMENT OF FORECLOSURE UNDER COUNT I AND
PARTIAL FINAL JUDGMENT OF LIABILITY UNDER COUNT II, III and IV of
PLAINTIFF'S COMPLAINT**

    Before me is the Motion for Final Summary Judgment in Foreclosure under Count I of Plaintiff's Complaint and Partial Final judgment of Liability under Counts II, III, and IV of Plaintiff's Complaint (Doc. 43).  Defendants have not responded.

    **IT IS ORDERED:**

    1.    The Court has jurisdiction over the parties and the subject matter hereof.

    2.    There are no genuine issues of fact as to the Plaintiff's Complaint.

    3.    Defendants, Highway 22, Inc., Eddie Ray Eanes, Paramufay, Inc., Jae Holdings, LLC, United States of America Department of Treasury, Internal Revenue

Service, Benz Leasing Inc., NWF Real Estate Holdings LLC, failed to sufficiently raise any defense preventing the relief requested by Plaintiff.

4.      Defendants, Highway 22, Inc., Eddie Ray Eanes and Paramufay, Inc., jointly and severally, owe Plaintiff, Centennial Bank, $354,912.83 as principal, $19,312.14 as interest through August 11, 2011, $6,515.10 as late charges, plus $12,299.20 for ad valorem property taxes, making a total sum of $393,039.27, which amount shall bear interest at the post-judgment interest rate defined by 28 U.S.C. §1961, from the date of this judgment until paid.

5.      Plaintiff holds a lien for the total sum in Paragraph 4 herein superior to all claims or estates of Defendants on the following described real and personal property located in Bay County, Florida.

### Real Property

Commencing at a point on the South right-of-way line of S.R. #22 which is 28.4 feet South and 444.61 feet East of the Northwest Corner of the Southwest Quarter of Section 12, Township 4 South, Range 14 West, Bay County, Florida; thence South 300 feet; thence East 75 feet; thence South 21.6 feet to a point which is 350 feet South of North line of said Southwest Quarter; thence East to the water's edge of Martin Bayou; thence Northeasterly along the water's edge to the South right-of-way line of S. R. #22; thence West along said right-of-way line to Point of Beginning.

### Personal Property

All rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, crops, timber, all diversion payments or third party payments made to crop producers, and all existing and future improvements, structures, fixtures, and replacements that may now or at anytime in the future, be part of the real estate described above. All water wells, water, ditches, reservoirs, reservoir sites and dams

located on the real estate and all riparian and water rights associated with the property, however established.

All furniture, fixtures, equipment and inventory located on the Real Property.

6. If the total sum with interest at the rate prescribed by law due under Paragraph 4 and all costs of this action accruing subsequent to this judgment are not paid prior to the commencement of the sale by the United States Marshal (the "Marshal"), the Marshal is ordered and directed to sell the property at public sale.

7. Pursuant to Fed. R. Civ. P. 69, the procedures for sale shall be in accordance with the practice and procedure in the State of Florida as provided in Chapter 45, Florida Statutes (2010) except that title shall vest in the purchaser pursuant to a United States Marshal's Deed issued after confirmation of any sale by this Court.

8. The Marshal shall advertise the sale of the subject property in accordance with 28 U.S.C. §§ 2001-2002, and after giving proper notice, conduct the sale of the property at the Bay County Courthouse at Panama City, Florida.

9. Plaintiff is authorized to bid at the sale and any bid by the Plaintiff shall be credited against the indebtedness due the Plaintiff under Paragraph 4 herein.  Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Marshal if Plaintiff is not the purchaser of the property at the sale in accordance with the Order Confirming Sale.  If Plaintiff is the purchaser at the sale, the Marshal shall credit Plaintiff's bid with the total sum in Paragraph 4, with interest and costs accruing subsequent to this judgment or such part of it as is necessary to pay the bid in full.  If a third party is the purchaser at the sale, 10% of the bid price by certified check or cashier's

check shall be paid at the time of the sale with the balance to be paid by certified check or cashier's check to the Marshal within 24 hours after the sale.

10. Upon sale being made, then the Marshal is directed to make a report and accounting of the proceeds realized from the sale, if any, and the bidder, or bidders, at such sale and report the amount of the sale for confirmation. The Marshal shall file the report of sale with the Court no later than fifteen (15) days after the sale. Upon the sale being made, the Marshal shall retain the proceeds thereof until the Order Confirming Sale is entered by the Court.

11. If there are no objections to the sale within ten (10) days, upon the sale being made of the property and confirmed by this Court, the Court shall direct the Marshal to execute a United States Marshal's Deed to the property. At said time, the Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens are foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property. As set forth herein, the Defendants' right of redemption expires at the time of the judicial sale ordered in this judgment, with the exception of the right of redemption for Defendant, United States of America, Internal Revenue Service, which shall have one hundred twenty days (120 days) from the date of sale to redeem the property under the provisions of 28 U.S.C. §2410.

12. The Marshal shall distribute the proceeds of the sale in accordance with the Order Confirming Sale.

13. On the order confirming sale, the Marshall will execute and deliver the United States Marshal's Deed to the purchaser at the sale. Plaintiff shall prepare the

United State's Marshall's Deed.  The purchaser at the sale shall pay for and be responsible for affixing to the United States Marshal's Deed any documentary stamps or taxes imposed upon the recordation of the deed.

  14. <u>If the subject property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to the final judgment of foreclosure.  If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the United States Marshal no later than 60 days after the sale.  If you fail to file a claim, you will not be entitled to any remaining funds.  If you are the property owner, you may claim these funds yourself.  You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled.  Please check with the United States Marshal within ten (10) days after the sale to see if there is additional money from the foreclosure sale.</u>

  15. At any time before the filing of the Marshal's Report of Sale, Defendants may cure the indebtedness adjudicated due herein and prevent a foreclosure sale by paying the amount of monies specified in Paragraph 4, plus the reasonable expenses of proceeding to foreclosure incurred to the time of the tender, including reasonable attorneys' fees of the Plaintiff.  Otherwise, there is no right of redemption.

  16. Defendant, Highway 22 Inc., is liable for the amounts owed to Plaintiff specified in Paragraph 4 and the Court reserves jurisdiction herein to determine the

amount of said damages following the foreclosure sale upon proper motion by Plaintiff for a deficiency judgment against Highway 22, Inc under Count II of the Complaint.

17.     Defendants, Eddie Ray Eanes and Paramufay Inc., are liable for the amounts owed to Plaintiff specified in Paragraph 4 and the Court reserves jurisdiction herein to determine the amount of said damages following the foreclosure sale upon proper motion by Plaintiff for a deficiency judgment against defendants under Count III and IV of the Complaint respectively.

18.     Plaintiff shall be entitled to recover its reasonable attorneys' fees and costs pursuant to the loan documents attached to the Complaint.  This Court retains jurisdiction over this matter for the purposes of determining the amount of attorneys' fees and costs to be awarded, entry of a deficiency judgment, if appropriate, and handling any motions related to the enforcement or collection of any such deficiency judgment.

**ORDERED** on August 11, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**